870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Austin MARTIN, Defendant-Appellant.
 No. 88-5566.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1988.
Decided March 7, 1989.
 
 1
 Ross Maruka for appellant.
 
 
 2
 Martin P. Sheehan, Assistant United States Attorney for appellee.
 
 
 3
 Before WILKINS, Circuit Judge, ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, and MALCOM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 
 PER CURIAM
 
 4
 Defendant-appellant, Richard Austin Martin, appeals his conviction, after a trial by jury, of two counts of unlawful possession of firearms, in violation of 18 U.S.C. Sec. 1202(a)(1) (Appendix, 1982) (now codified at 18 U.S.C. Sec. 922(g)(1) (Supp. IV., 1986)). He assigns as error the district court's denial of two motions to suppress, a motion for mistrial and a motion for judgment of acquittal. Appellant also challenges the sufficiency of the evidence offered to prove the prior convictions used to enhance his sentence from two to fifteen years. We find no merit to any of appellant's claims and affirm the conviction.
 
 
 5
 On February 9, 1985, a Fairmont, West Virginia police officer sought and obtained a search warrant from a state magistrate, authorizing the search of defendant's residence, a "white asbestos sided dwelling located at 305 Quincy Street" in Fairmont for a ".25 caliber semi-automatic handgun and any other weapons, whose possession would be in violation of law prohibiting possession of weapons by a convicted felon." During the search later that day, the police uncovered several firearms. Count one of the indictment charged the defendant with unlawful possession of the firearms uncovered.
 
 
 6
 Subsequently, on August 16, 1985, another Fairmont police officer sought and obtained a search warrant from a local magistrate, authorizing the search of the defendant's residence for "Diludid [sic], other controlled substances, paraphanilia [sic], cash, and xxxxxxxxxx." Execution of this warrant on the same day produced additional firearms which formed the basis for the charge in count two of the indictment.
 
 
 7
 Prior to trial, the district court heard argument on and denied defendant's two motions to suppress--the first motion sought to suppress the firearms seized pursuant to the February 9, 1985 warrant, and the second sought to suppress firearms seized pursuant to the August 16, 1985 warrant. Defendant argues on appeal that the affidavits written to procure each warrant failed to recite facts sufficient to create probable cause to conduct a search.
 
 
 8
 The February 9, 1985, warrant was issued in connection with an investigation of an alleged attempted murder. In the affidavit and complaint in support of the issuance of the warrant, the investigating officer stated that the basis for his belief that weapons were in the defendant's dwelling was a "statement by victim of crime that weapons are in fact kept in this dwelling plus availability of dwelling place as a place of concealment for weapon after the commission of the crime. Victim was there earlier in the day and saw weapons."
 
 
 9
 The August 16, 1985 warrant was issued as part of an investigation of alleged illegal drug activities. In support of the investigating officers' belief that illegal drugs could be found in the defendant's dwelling, he stated that he witnessed a search of a person who bought "dilaudid" from the defendant, and that the "purchase was made with marked money." He further stated that the "Purchaser['s] purse was searched after the buy and did not have money and had in her possession dilaudid which was not in purchasers [sic] possession prior to [the controlled buy]. Purchaser was a previously reliable informant."
 
 
 10
 The issue of the adequacy of the affidavit to procure the warrants is governed by federal law. See Elkins v. United States, 364 U.S. 206, 223 (1960); United States v. Hopps, 331 F.2d 332, 340 (4th Cir.), cert. denied, 379 U.S. 820 (1964). The applicable inquiry is whether the "totality of the circumstances" set forth in the affidavit support the magistrate's finding of probable cause. Illinois v. Gates, 462 U.S. 213 (1983). As stated by the Supreme Court, the "duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." Id. at 238, quoting Jones v. United States, 362 U.S. 257, 271 (1960).
 
 
 11
 We are satisfied that the totality of the circumstances set forth in each of the supporting affidavits challenged reveal a substantial basis for concluding that probable cause existed. In any case, the good faith exception under United States v. Leon, 468 U.S. 897 (1984), is sufficient to insulate the warrants from appellant's attacks. Thus, we find no error in the trial court's denial of defendant's two motions to suppress.
 
 
 12
 We similarly find no error in the district court's denial of the defendant's motion for mistrial. At trial, the Government offered the defendant's fingerprint card as exhibit 12. Defendant did not object, and the card was published to the jury. Minutes later, defendant's counsel discovered that reference was made on the back of the card to the fact that defendant had been charged with attempted murder. Defense counsel moved for a mistrial. The district court denied the motion, but excised the offending reference and gave the jury a cautionary instruction to disregard "everything on the back of the fingerprint card." The judge explained, without repeating the objectionable statement, that the back of the card contained "some comments or observations made that have no relationship to this case." Defendant now argues that the district court should have "exercised its broad discretion in favor of declaring a mistrial."
 
 
 13
 Whether a curative instruction serves to expunge the damage done when improper information reaches a jury "depends on the degree of initial prejudice ..., the quality and forcefulness of the [instruction], and the strength of the Government's case." United States v. Semensohn, 421 F.2d 1206, 1208-09 (2d Cir.1970). In the present case, there is no contention that the submission of the prejudicial information to the jury was intentional. The card was before the jurors only briefly before its redaction and the prejudicial information did not appear on the face of the exhibit, but rather on the reverse side. Thus, the degree of initial prejudice, if any, was small. Further, the curative instruction was promptly given and made no reference to the redacted material. Finally, the case against appellant was substantial in that his possession of the weapons and his prior conviction were fully proven. Accordingly, we find no error in the district court's denial of the motion for mistrial.
 
 
 14
 Similarly, we find no error in the denial of appellant's motion for a judgment of acquittal. Appellant's main contention is that the evidence offered by the government to prove his previous felony conviction was insufficient in that it showed that the defendant pled guilty to a felony on June 14, 1973, and was sentenced on his plea, but failed to show an "adjudication" of guilt. That is, defendant argues that the certified court documents offered failed to prove that the defendant had been adjudged guilty of the offense charged, and thus failed to show that he was a convicted felon. Appellant's contention is without merit. A plea of guilty, the acceptance by the court of the plea, and the imposition of sentence constitute a "conviction" within the meaning of Sec. 922(g). See Dickerson v. New Banner Institute, Inc., 460 U.S. 103 (1983).
 
 
 15
 Finally, we reject defendant's assertion that the evidence offered to prove his three prior convictions, and thus enhance his sentence under 18 U.S.C. Sec. 1202(a)(1) (Appendix II) from two to fifteen years, was insufficient as a matter of law. The government introduced certified copies of court documents to prove prior convictions obtained in 1954, 1956, and 1973. Based on these records, the court ruled that an enhanced sentence was appropriate. Defendant argues on appeal that both the 1954 and the 1973 convictions show imposition of a sentence upon acceptance of a guilty plea, but fail to show an "adjudication of guilt." As stated above, however, a guilty plea accepted by the court and the subsequent imposition of sentence constitute a "conviction" within the meaning of federal law.
 
 
 16
 Thus, each of appellant's claims is without merit, and the conviction is affirmed.
 
 
 17
 AFFIRMED.